

# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00137-CV

**2008 CHEVROLET CORVETTE,**
**VIN#1G1YY36W585105455,**

                                                      **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                      **Appellee**

### From the 66th District Court
### Hill County, Texas
### Trial Court No. 51,223

## O R D E R

Appellant's affidavit of indigence was filed on October 26, 2015. On the same date, appellant also submitted a motion to set aside the required filing fees for this appeal. The Court cannot set aside or waive the payment of filing fees. An appellant who is indigent is allowed to proceed without the advance payment of cost. *See* TEX. R. APP. P. 20.1. The ability to proceed without the advance payment of cost does not,

however, mean that the costs are not owed by an unsuccessful appellant.  *See In re McGowan*, No. 10-10-00208-CV, 2010 Tex. App. LEXIS 5046 (Tex. App.—Waco June 30, 2010, orig. proceeding) (mem. op.).   Accordingly, appellant's "Motion to Set Aside Required Filing Fees" filed on October 26, 2015, is denied.

Further, the requirements of Chapter 14 of the Texas Civil Practice and Remedies Code apply when indigent inmates file a civil appeal.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (West 2002); *Anderson v. Tex. Dep't of Crim. Justice*, ___ S.W.3d ___, 2015 Tex. App. LEXIS 2674 (Tex. App.—Waco Mar. 19, 2015, no pet.).   Chapter 14 requires appellant, as an inmate, to file an affidavit or declaration "relating to previous filings" in which appellant must detail all previous civil actions filed pro se, other than a suit under the Family Code.   TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a) (West 2002); *Anderson v. Tex. Dep't of Crim. Justice*, 2015 Tex. App. LEXIS 2674 at *5.   In addition, appellant is required to file a certified copy of appellant's "inmate trust account statement"[1] that "reflect[s] the balance of the account at the time the claim is filed and activity in the account during the six months preceding the date on which the claim is filed."  TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.004(c); 14.006(f) (West 2002); *Anderson*, 2015 Tex. App. LEXIS 2674 at *5.

---

[1] Courts and parties have frequently referred to inmate accounts as inmate "trust" accounts.  The term "trust" has been removed from this statutory reference.  Act of 1989, 71st Leg., ch. 212, § 2.01, eff. Sept. 1, 1989, amended by Act of 1999, 76th Leg., ch. 62, § 8.10, 19.02(8), eff. Sept. 1, 1999 (current version at TEX. GOV'T CODE ANN. § 501.014 (West 2012)).   They are simply inmate accounts.   While there may be a custodial relationship between the Department and the inmate as to the money in the account, an issue not decided by us today, there is certainly no trustee/beneficiary relationship wherein the Department is burdened with all the duties of a trustee with regard to the inmate's money.

Accordingly, appellant is ordered to file the above-listed documents required by Chapter 14 within **14 days** from the date of this order. Failure to timely file these additional documents will result in the dismissal of this appeal without further notice and a finding that the appeal is frivolous. *Anderson*, 2015 Tex. App. LEXIS 2674 at *5.

PER CURIAM

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Motion denied; documents ordered filed
Order issued and filed November 19, 2015

